UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BEST ODDS CORP., a Nevada corporation<br><br>   Plaintiff,<br><br>v.<br><br>MICHAEL JACKNESS, an individual,<br><br>   Defendant. | 2:10-CV-507 JCM (LRL) |

**ORDER**

Presently before the court is plaintiffs Best Odds Corporation and Daniel Moravec's motion for a preliminary injunction (doc. #54). Defendant Michael Jackness, d/b/a Macpoker.com, filed an opposition (doc. #62) and an errata regarding the opposition (doc. #67). Plaintiffs filed a reply in support of their motion (doc. #66).

Plaintiffs' amended complaint (doc. #53-7) asserts claims for relief for (1) false designation of origin pursuant to 15 U.S.C.A § 1125(a), (2) misappropriation of commercial properties, (3) Nevada common-law unfair competition, (4) deceptive trade practices, (5) defamation-litigation misrepresentation under Nevada law, (6) defamation- copying misrepresentation under Nevada law, (7) invasion of privacy (false light) - litigation misrepresentations under Nevada law, (8) invasion of privacy (false light) - copying misrepresentation under Nevada law, (9) business disparagement under Nevada law, (10) intentional interference with contractual relations under Nevada law, and (11) intentional interference with prospective economic advantage under Nevada law.

In the present motion for a preliminary injunction (doc. #54), plaintiffs ask this court to

**James C. Mahan**
**U.S. District Judge**

1  enjoin defendant from making or publishing statements (a) constituting tortious defamation of Mr.
2  Moravec, (b) constituting tortious business disparagement of Best Odds, and (c) that interfere with
3  Best Odds' present and prospective contractual relationships. Plaintiffs assert that the defendant has
4  "embarked on a malicious retaliatory campaign" against plaintiffs by allegedly making false
5  statements about the present litigation on an online bulletin board which is frequented by individuals
6  that are current or prospective customers of the plaintiffs, and by causing an article to be written
7  about the present litigation in PokerNewsDaily.com.

8  Defendant asserts that the statements are true and therefore not defamatory, the contractual
9  relationship that it allegedly interfered with was terminated prior to any statements on the bulletin
10 board, and that regardless, any statement made is protected by the First Amendment.

11 The Supreme Court has held that courts must consider the following factors in determining
12 whether to issue a temporary restraining order and preliminary injunction: 1) a likelihood of success
13 on the merits; 2) possibility of irreparable injury if preliminary relief is not granted; 3) balance of
14 hardships; and 4) advancement of the public interest. *Winter v. N.R.D.C.*, 129 S. Ct. 365, 374-76
15 (2008). However, court orders of this kind that "actually forbid speech activities...are classic
16 examples of prior restraints, and [] prior restraints are generally presumed unconstitutional." *United*
17 *States v. Schiff,* 269 F. Supp. 2d 1262, 1272 (D. Nev. 2003).

18 Further, the Supreme Court held that "[p]rior restraints on speech and publication are the
19 most serious and the least tolerable infringement on First Amendment rights," and that "[p]rior
20 restraint on expression comes to this [c]ourt with a 'heavy presumption' against its constitutional
21 validity." *Pittsburg Press Co. v. Pittsburg Comm'n on Human Relations,* 413 U.S. 376, 390 (1973);
22 *See also, Board of Airport Comm'rs of Los Angeles v. Jews for Jesus, Inc.* 482 U.S. 569 (1987);
23 *Madsen v. Women's Health Ctr.,* 512 U.S. 753, 798 (1994) (quoting *Organization for a Better*
24 *Auston v. Keefe,* 402 U.S. 415, 419 (1971).

25 As the plaintiffs are asking this court to refrain the defendant from future speech and
26 publication, i.e. prior restraint, the plaintiffs bear the burden of proving the constitutionality of such
27 action. *Id.* However, as defendant asserts, the plaintiffs have not overcome the 'heavy presumption'
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

of the prior restraint's unconstitutionality. *Id.*

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs Best Odds Corporation and Daniel Moravec's motion for a preliminary injunction (doc. #54) be, and the same hereby is, DENIED.

DATED January 24, 2011.

/s/ James C. Mahan
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**